1  RICHARD DOYLE, City Attorney (#88625)
   GEORGE RIOS, Assistant City Attorney (#77908)
2  COLLEEN WINCHESTER, Sr. Deputy City Attorney (#148221)
   Office of the City Attorney
3  200 East Santa Clara Street
   San José, California  95113-1905
4  Telephone Number:  (408) 535-1900
   Facsimile Number:  (408) 998-3131
5  E-Mail Address:  cao.main@sanjoseca.gov

6  Attorneys for Judgment Debtor CITY OF SAN JOSE

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSÉ DIVISION

11

12  CAROLYN H. FRIIS,                        Case No.:  CV 08-80027 MISC  RMW/RS

13              Judgment Creditor,           **NOTICE OF MOTION, MOTION, AND
                                             MEMORANDUM OF POINTS AND
14  v.                                       AUTHORITIES IN SUPPORT OF MOTION
                                             TO VACATE, STRIKE AND SEAL
15  CITY OF SAN JOSÉ,                        PURPORTED "FOREIGN AND
                                             APOSTILLED JUDGMENTS"**
16              Judgment Debtor.
17                                           Hearing Date:    September 19, 2008
                                             Time:            9:00 a.m.
18                                           Courtroom:       6
                                             Judge:           Hon. Ronald M. Whyte
19

20

21               I.     **NOTICE OF MOTION**

22  **TO:    EACH PARTY AND ATTORNEY OF RECORD FOR EACH PARTY:**

23         PLEASE TAKE NOTICE that, on the 19th day of September, 2008, at 9:00 a.m.,

24  before the Honorable Ronald M. Whyte, Judge of the U.S. District Court, Judgment Debtor

25  City of San José will move the Court for an order vacating, striking and sealing the

26  purported "Foreign and Apostilled Judgments".

27         This motion is based upon this notice and the supporting memorandum of points

28  and authorities along with the Declarations of James Young, Colleen Winchester, and

                                    - 1 -

Court file documents.

Dated:  August 12, 2008                    Respectfully submitted,

                                          RICHARD DOYLE, City Attorney

                                          By _____/s/_____
                                                 COLLEEN WINCHESTER
                                                 Sr. Deputy City Attorney

                                          Attorneys for Judgment Debtor CITY OF
                                          SAN JOSE

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

The City of San José (City) submits the following Memorandum of Points and

Authorities in Support of its Motion to Vacate, Strike and Seal purported "Foreign and

Apostilled Judgments."

### A.    RELIEF SOUGHT

Through this Motion, the City of San Jose ("City") moves this court for an order

vacating and striking the March 6, 2008 filing entitled "FOREIGN JUDGMENT" and the

March 10, 2008 filing entitled "APOSTILLED JUDGMENT" [collectively, "Decrees";

Declaration of Colleen D. Winchester in Support of Motion ('Winchester Dec.'), Exhibit "A"

and "B", respectively] purportedly issued by a notary public.  The Decrees were not issued

a result of any civil or administrative proceedings, but rather apparently are the result of

CAROLYN H. FRIIS' ("FRIIS") own fictitious legal procedure.  The City further moves this

court to seal the Decrees to prevent access to these documents which have no legal

import, yet can potentially have significant adverse consequences to the City.

### B.    INTRODUCTION AND STATEMENT OF FACTS

Although this Court does not have a pending action between FRIIS and the City,

this motion is necessary to address purported "judgments" filed here.  The "judgments"

were "issued" by a San Mateo notary public and have absolutely no validity.  Nonetheless,

the filing of a "judgment" in the public record can have negative consequences for the City,

which can only be alleviated by a formal recognition that these "judgments" are null and

- 2 -

void and a protective order sealing them.

This case arises out of an ongoing dispute between FRIIS and the City regarding the condition of FRIIS'[1] property located at 1752 Guadalupe Avenue, San Jose, California ("Property").  For several years, the City has sought FRIIS' compliance with the San José Municipal Code for violations on the Property.  On November 2, 2007, after the failure of several years of informal negotiation and action by the Appeals Hearing Board, the City sought and obtained an Inspection Warrant from the Santa Clara County Superior Court. *See,* Declaration of James Young in Application for Inspection Warrant and Inspection Warrant; Declaration of James Young in Support of Motion ("Young Motion Dec.", Exhibits "A" and "B", respectively).  On November 14, 2007, after Code Enforcement officers inspected the Property under the warrant, FRIIS was issued an administrative citation. Young Motion Dec. ¶3, Exhibit "C".

In its continued effort to gain voluntary compliance, the City worked with FRIIS and entered into a settlement by which the administrative citation would be dismissed in exchange for FRIIS bringing the Property up to code.  Young Motion Dec. ¶4, Ex. D. Rather than comply with the agreement, FRIIS apparently created her own hearing procedure.  She wrote "I DO NOT ACCEPT THIS OFFER" and "I DO NOT CONSENT TO THIS PROCEEDING" across the face of the citation, and the City's letter documenting the settlement.  Young Motion Dec. ¶5, Exhibit "E".   In a letter dated February 8, 2008, FRIIS alleges that on November 14, 2007, "armed impersonators" had "trespassed on her property" without cause and without a warrant.   Young Motion Dec. ¶5, Exhibit "E" at p. 1. FRIIS demanded "evidentiary proof to the contrary within five days."  *Id.*   If the City failed to rebut her allegations "in like form" the City agrees with the content of the documents.  *Id.* In the accompanying "affidavit", FRIIS declares that the administration citation is a "counterfeited security which is null and void ab initio."  *Id.* at p. 2.    She further declares

---

[1] The legal owner of the Property is the Guadalupe Acres Trust, Carolyn H. Friis as trustee.

that she has no information that various facts are not true,[2] including proclamations that "Silence is not equated to agreement and acceptance" and "affiant is not empowered to make a claim upon the official bond/s or insurance of the City of San José and it's (sic) employees in the amount of $1,000,000.00 each." *Id.* at p. 3.

When the City failed to respond to FRIIS' own legal procedure, she apparently declare the City's default, and had a San Mateo County notary issue the Decrees, entitled "Foreign Judgment" and "Apostilled Judgment."    Winchester Dec. ¶, Exhibits "A", and "B", respectively.  The Decrees were filed in this Court on March 6, 2008, and March 10, 2008.  They state that they are "the result of Private Administrative Proceedings and/or Alternate Dispute Resolution."  *Id.*  The Decrees further declare that FRIIS is empowered to make claim upon the "official bond or insurance of the City of San José" in the amount of eight million dollars ($8,000,000.00).  *Id.*   The Decrees further claim that "[s]aid Foreign Judgment is established under Notary Court Seal." *Id.*

On or about June 25, 2008, the City Code Enforcement inspectors again went out to the Property.  At that time, it appeared the Property continued to be in violation of the San José Municipal Code.  Young Motion Dec. ¶6.  After the inspection, the City received another letter from FRIIS.  FRIIS made various assertions including that the June 25, 2008, visit to the Property was in violation of the "Judgment of March 5, 2008."   Young Motion Dec. ¶7, Exhibit F.  FRIIS further questions the City if it has "any evidence that the Judgment of March 5, 2008 is not a valid Judgment against the City of San José (hereinafter, "the City") and it's (sic) agents which prohibits acts of harassment and invasion of privacy and provides penalty for such actions?"  *Id.*  FRIIS further now claims the City owes her more than twelve million ($12,000,000.00) and requests information on the City's "bond."  *Id.*

Although a cursory review of the Decrees reveals that they are nonsense, the fact that they are filed with this Court provide them with an aura of credibility, which is not justified here.  FRIIS' recent assertion that the Decrees are binding and enforceable

---

[2] The double negative is misleading.

- 4 -

demonstrates the Court's need to address the validity of the filings. The City respectfully requests that they be "vacated", stricken and otherwise sealed so that they cannot be mistaken for having any validity.

## C.    ARGUMENT

### 1.    An Order To Vacate Is Appropriate Because FRIIS' Filings Are Void.

Federal Rules of Civil Procedure, rule 60, permits a party to obtain relief from entry of judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion for relief must be made within a reasonable time and no more than a year after the entry of the judgment or order or the date of the proceeding.   Fed. R. Civ. P. 60.  "A final judgment is void for purposes of Rule 60(b)(4) [when] the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke,* 170 F.3d 882, 883 (9th Cir. 1999) (internal quotations omitted).

In this case, the judgments were not entered by any court of law or administrative tribunal.    See, Winchester Dec. ¶¶ 4 – 6.  Even arguing the Decrees are "void" seems to provide them with more credibility than that to which they are entitled.  The Decrees are not issued by any court, administrative body, or other official body.  Rather, these are unilateral actions by a person who was unhappy with the City's code enforcement process. In the code enforcement proceedings, the City obtained an inspection warrant from the Santa Clara County Superior Court.  That Court would have the jurisdiction to declare its warrant "void", not FRIIS and a San Mateo Notary Public.  The City respectfully requests that this Court declare both Decrees (the "Foreign Judgment" filed March 6, 2008 and the

- 5 -

1   "Apostilled Judgment" filed March 10, 2008, and supporting documents) void and vacate

2   them.

3                    **2.     A Protective Order Is Appropriate Because Defendant's Filings**

4                    **Can Negatively Affect The City's Bond Rating.**

5            The City further requests a protective order prohibiting access to the Decrees.

6   Under Federal Rules of Civil Procedure, rule 5, the court for good cause may limit or

7   prohibit a nonparty's remote electronic access to a document filed with the court.  While

8   neither the public nor the press has a First Amendment or common law right to inspect

9   documents, the Federal Rules of Civil Procedure, rules 5, and 26(c) create a presumptive

10  right of access.  *D'Ambrosio v. Concord*, 17 Fed.R.Serv.3d 107 (N.D.Cal. 1990).  The good

11  cause requirement has been defined as a "compelling reason … for denying access to the

12  proceedings." *American Telephone and Telegraph Co. v. Grady,* 594 F.2d 594, 596-97

13  (7th Cir. 1978).

14           The City's bond rating may be negatively affected by FRIIS' unilateral Decrees.

15  *See What Standard of Care Should Govern the World's Shortest Editorials?: An Analysis*

16  *of Bond Rating Agency Liability,* 75 Cornell L.Rev. 411, 412 (1990) (discussing the impact

17  of bond ratings). Bond ratings are a critical component of the City's ability to raise revenue.

18  A low bond rating will raise costs for the City.  FRIIS' unilateral Decrees could adversely

19  impact the City's bond.  Even a false communication about the City's debts may impact the

20  City's ratings.  *See, for example*, *Jefferson County School Dist. No. R-1 v. Moody's*

21  *Investor's Services, Inc.*, 175 F.3d 848 (Colo.,1999) [Inaccurate publication about school

22  district's bond rating caused rating to *actually* drop.]  Even so, the City should not be

23  forced to "explain" the unilateral Decrees.  For these compelling reasons the City requests

24  the Decrees be sealed, placed under protective order, and not listed in this Court's index.

25  **D.    CONCLUSION**

26           The Decrees are nonsense, but can be the source of mischief.  The City respectfully

27  requests that this Court issue an order vacating and striking the purported "Judgment" and

28  "Apostilled Judgment" and seal them so that their existence will not wreak potential havoc

1    on the City's bond ratings.

2

3                                Respectfully submitted,

                                 RICHARD DOYLE, City Attorney

4    Dated:  August 12, 2008

5

6                                By:
                                        /s/

7                                      COLLEEN WINCHESTER
                                  Sr. Deputy City Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28