RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
COLLEEN WINCHESTER, Sr. Deputy City Attorney (#148221)
Office of the City Attorney
200 East Santa Clara Street
San José, California  95113-1905
Telephone Number:  (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSÉ DIVISION

| | |
|---|---|
| CAROLYN H. FRIIS,<br><br>               Judgment Creditor,<br><br>v.<br><br>CITY OF SAN JOSÉ, et al.<br><br>               Judgment Debtor. | Case Number:  CV 08-80027 MISC  RMW<br><br>**DECLARATION OF JAMES YOUNG IN SUPPORT OF MOTION TO VACATE, STRIKE AND SEAL**<br><br>Date:  Friday, September 19, 2008<br>Time:  9:00 a.m.<br>Courtroom:  6 (4th Floor)<br>Judge:  Hon. Ronald M. Whyte |

I, James Young, declare:

1.    I am a Code Enforcement Inspector for the City of San José (City) in the Code Enforcement Division ("Code Enforcement").   I have personal knowledge of the facts as set forth in this declaration and, if called upon to do so, could testify competently to the matters herein.

2.    On or about November 2, 2007, I appeared at the Santa Clara County Superior Court in the *Matter of City of San José Inspection Warrant for 1752 Guadalupe Avenue; San José, California 95125* ("Property") (Case Number CIS0030).  Based in part upon my declaration in support of the Inspection Warrant, Judge Thomas Hastings issued the Inspection Warrant.  In essence, the Property had long been the subject of complaints

1   to the City of San José Code Enforcement Division.  Years of inspections and

2   administrative proceedings did not result in voluntary compliance with the City of San

3   José's Municipal and Building Codes.    True and correct copies of the Declaration in

4   support of the Inspection Warrant-and the Inspection warrant are attached as Exhibit "A"

5   and "B" respectively.

6          3.      On or about November 14, 2007, I was part of the team that served the

7   Inspection Warrant upon Ms. Carolyn Friis and I inspected the property.  As a result of the

8   inspections, the City of San José, Code Enforcement Division issued Citation Number

9   J3147256.  A true and correct copy of the Citation is attached as Exhibit "C".

10         4.      On or about January 16, 2008, the Deputy Director of Code Enforcement,

11  Michael Hannon, met with Carolyn Friis.  During that meeting, the City agreed to dismiss

12  the Citation in exchange for voluntary compliance with the San José Municipal Code,

13  specifically, removing illegal structures.  A true and correct copy of the confirming letter

14  from Code Enforcement's file kept in the ordinary course of business of the City of San

15  José is attached as Exhibit "D".

16         5.      On February 8, 2008, Ms. Friis sent a letter to the City, with a copy of the

17  Citation and the City's letter.   Copies of the documents provided are attached hereto as

18  Exhibit "E" which are kept in the ordinary course and scope of City business.

19         6.      On or about June 25, 2008, I conducted another inspection of the Property.

20  The individual who answered the door at the Property did not permit access.  It appeared

21  from my exterior observation that the Property continued to be not in compliance with the

22  San José Municipal Code.

23         7.      On or about July 8, 2008, I received another letter from Ms. Friis dated June

24  26, 2008, in which she now seeks the total sum of twelve million dollars ($12,000,000.00)

25  from myself and the City of San José.  Further, she requests the name of the City of San

26  José's claim and bond office.  A true and correct copy of this letter received by the City of

27  San José in the ordinary course and scope of its business is attached hereto as Exhibit

28  "F".

1        I declare under penalty of perjury pursuant to the laws of the State of California that

2    the foregoing is true and correct and that I could competently testify thereto if called as a

3    witness.  As to those matters alleged on information or belief, I am informed and believe

4    them to be true and correct.

5        Executed this _____ day of August, 2008, in San Jose, California.

6

7

8    _____    8/6/08

9    James Young
     San Jose Code Enforcement Inspector

10   #104E

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1  RICHARD DOYLE, City Attorney (#88625)
   GEORGE RIOS, Assistant City Attorney (#77908)
2  RICHARD D. NORTH, Deputy City Attorney (#225617)
   Office of the City Attorney
3  200 East Santa Clara Street
   San Jose, California  95113-1905
4  Telephone Number: (408) 535-1900
   Facsimile Number:  (408) 998-3131
5  E-Mail Address:  cao.main@sanjoseca.gov

6  Attorneys for Plaintiff
   THE PEOPLE OF THE STATE OF CALIFORNIA

**FILED**

NOV 0 2 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy

7

8              SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SANTA CLARA

10                  SAN JOSE DIVISION

11

12  In the Matter of the Application of          NO.
    THE CITY OF SAN JOSE for:
13                                               **DECLARATION OF JAMES YOUNG
    Inspection Warrant re: Premises at:          IN SUPPORT OF APPLICATION FOR
14                                               INSPECTION WARRANT**

15  1752 Guadalupe Avenue                        [CCP Sec. 1822.50 *et seq.*]
    San Jose, California 95125

16        I, James Young, certify, or on information and belief, declare:

17        1.      I am a Code Enforcement Inspector for the Code Enforcement Division of

18  the City of San Jose ("Code Enforcement").  I have personal knowledge of the laws and

19  regulations of the City of San Jose and other laws and regulations.  My current official

20  duties include the enforcement of provisions of the San Jose Municipal Code ("Municipal

21  Code") relating to zoning, housing, neighborhood blight and public safety.  These duties

22  include conducting field inspections of residential properties in response to citizen

23  complaints and/or reports of nonconformity with the Municipal Code.

24        **San Jose Municipal Code Ordinances At Issue**

25        2.      In such capacity, I have the authority and responsibility to enforce, among

26  other things, Titles 17, 20 and 24 of the Municipal Code.  Pursuant to Municipal Code

27  section 17.02.040, my authority includes a right of entry to make an inspection when

28  necessary to enforce the provisions of the Municipal Code.  In particular, I have the

- 1 -

1   authority and responsibility to enforce the following provisions of the Municipal Code at

2   issue in the instant case:[1]

3       3.    Section 17.20.920, prohibiting any person, as owner or agent, from

4   constructing, using, occupying or maintaining any substandard building.  Pursuant to

5   Section 17.20.900, "substandard housing" includes buildings with hazardous wiring, fire

6   hazards, faulty construction materials, hazardous premises or improper occupancy.

7       4.    Section 20.10.030, prohibiting any person from using or allowing the use of

8   buildings or structures except in strict compliance with Title 20, including as pertains to

9   development and performance standards and to the issuance of permits.  The temporary

10  or transitory use of a structure does not exempt it from this requirement.

11      5.    Section 24.02.100, prohibiting any building or structure regulated by Title 24

12  to be erected, constructed, enlarged, altered, repaired, improved or converted without

13  obtaining a separate and appropriate permit for each building or structure.

14      6.    Section 24.02.550, prohibiting connections from a source of energy to

15  building service equipment without approval from a building official.  Pursuant to Section

16  24.01.228, "building service equipment" includes plumbing and electrical equipment

17  including wiring, fixtures and other accessories which provide sanitation, lighting, heating,

18  cooling or refrigeration.

19      **Property Owner**

20      7.    On June 28, 2007, I checked with WINDATA2 and the County Recorder's

21  Office and found that the property located at 1752 Guadalupe Avenue, San Jose,

22  California (the "Subject Property") was owned by Guadalupe Acres Trust with Carolyn H.

23  Friis as trustee ("Property Owner").

24      **No Permits**

25      8.    On June 28, 2007, I checked the City's databases (AMANDA and CHRIS) for

26  building permits that may have been issued for the Subject Property, particularly with

27  regard to the construction, alteration or improvements to three wooden accessory

28

---

[1] True and correct copies of the listed and other relevant Municipal Code sections are attached hereto as **Exhibit A**.

- 2 -

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                                          445233

1  structures at the rear of the Subject Property, the converted garage or room additions.  I

2  did not locate any building permits for the Subject Property.

3  **Observations**

4  9.  I am informed and believe that located on the Subject Property are three

5  wooden accessory structures in violation of the Municipal Code.  Two of the wooden

6  structures have electrical wiring and lighting and one of the wooden structures has

7  installed plumbing.  I am also informed and believe that in violation of the Municipal Code

8  there is an improper room addition to the side of the house and a patio room addition to

9  the rear of the house and that the garage has been improperly converted into living space.

10  I am further informed and believe that in violation of the Municipal Code the Property

11  Owner is or has been renting to tenants or otherwise occupying these unpermitted

12  structures and spaces.  This is based on my investigation, knowledge, training, expertise

13  and observations as reflected in this Declaration and my Background Report documenting

14  my activity on this case from June 27, 2007 through October 12, 2007.  A true and correct

15  copy of my Background Report is attached hereto as **Exhibit B** and incorporated herein

16  by reference.

17  10.  On June 27, 2007, Code Enforcement received a complaint of three

18  unpermitted structures in the rear yard of the Subject Property, illegal occupancy in the

19  unpermitted structures, roof leaks, an unpermitted room addition in the patio area and

20  plumbing and electrical Municipal Code violations.

21  11.  Also on June 27, 2007, I went to the Subject Property and met the

22  complainant, who identified himself as a tenant and property manager of the Subject

23  Property.  The complainant had a key and provided me with access to two of the

24  unpermitted structures.  I was not provided with access to other structures or the main

25  house as the complainant stated that these areas were occupied and that he could not

26  grant access to them.  In the course of my inspection, I observed: (1) three wooden

27  accessory structures evidencing use as living space, two of which had electrical wiring and

28  lighting and one of which had plumbing installed; (2) a room addition to the side of the

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                                                      445233

house; and (3) a patio room addition to the rear of the house.  I was further informed by the complainant that that the garage had been converted into living space and that all of the spaces were being rented to tenants.  True and correct copies of photographs taken by me that day are attached hereto as **Exhibit C**.

12.     On June 29, 2007, I mailed copies of a Compliance Order to the Property Owner, which required the Property Owner to schedule building compliance inspections and public works inspections, cease the improper occupancy and vacate all unpermitted structures, additions and conversions on or before July 16, 2007.  The Compliance Order further required the Property Owner to obtain the required permits and correct all Municipal Code violations by July 30, 2007.  A true and correct copy of the Compliance Order is attached hereto as **Exhibit D**.

13.     On July 10, 2007, the Property Owner called and left me a voicemail stating that the Subject Property had been inspected in the past and that the complaints were invalid.

14.     On July 11, 2007, I spoke with the Property Owner and informed her of my observations and the results of my research in the City databases.  The Property Owner argued that the additions were "grandfathered" or legal non-conforming.  The Property Owner explained that the three accessory structures, garage conversion and room additions had been approved by Santa Clara County when the Subject Property was within their jurisdiction.  The Property Owner admitted that she had no documents from Santa Clara County to support her position.  I requested an opportunity to meet with the Property Owner to conduct an inspection.  The Property Owner refused and stated that she did not need to provide anything to Code Enforcement.

15.     On July 17, 2007, I left a voicemail for the Property Owner reminding her to contact the Building Division to schedule an inspection.  I also informed the Property Owner that following the inspection, the Building Division would provide the Property Owner with a report detailing her options for corrective measures.

16.     On July 20, 2007, I am informed and believe that the Property Owner spoke with Code Enforcement Division Supervisor Nwokolo and explained her position with regard to the legal non-conforming status of the structures on her property. I am further informed and believe that Supervisor Nwokolo advised the Property Owner to contact the Planning Division to apply for non-conforming status. I am further informed and believe that the Property Owner told Supervisor Nwokolo that she had not scheduled an inspection with the Building Division and was not sure whether she had a copy of the Compliance Order. I am further informed and believe that Supervisor Nwokolo faxed a copy of the Compliance Order to the Property Owner.

17.     Also on July 20, 2007, I spoke with the Property Owner by telephone and informed her that she should follow the requirements of the Compliance Order and schedule a building compliance inspection. The Property Owner told me that she would not contact the Building Division or allow an inspection of her property.

18.     On July 31, 2007, I spoke with the Property Owner and advised her that if she fails to schedule a building compliance inspection, Code Enforcement would be forced to request an inspection warrant from the Court. I received a voicemail later that day from someone identifying himself as Gregory Owens.

19.     On August 1, 2007, I spoke with Mr. Owens, who identified himself as a friend of the Property Owner. I explained to Mr. Owens that I had researched City and County records and had not located any permits for the three wooden structures, converted garage or room additions on the Subject Property. I also explained that the Property Owner needed to contact the Planning Division if she wished to apply for legal non-conforming status.

20.     On August 2, 2007, I located a closed Appeals Hearing Board ("AHB") matter (Case No. HG-98-1094) relating to the Subject Property. The AHB passed resolution #99-85 on August 26, 1999, which ordered the Property Owner to pay $5,651 in costs and penalties by September 26, 1999 and to correct violations associated with the "construction of accessory structures, a garage conversion and enclosed patio without the

- 5 -

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                                                445233

1   proper building permits." A true and correct copy of AHB resolution #99-85 is attached

2   hereto as **Exhibit E.**

3         21.    On August 15, 2007, I called the Property Owner to again request an

4   inspection of the Subject Property, which she refused. I later received a call from Mr.

5   Owens, who requested information as to why the City was taking an enforcement action

6   against the Property Owner. I explained again that on my initial inspection, I had observed

7   possible Municipal Code violations and had not been able to access the garage and patio

8   areas where I suspected the possibility of Municipal Code violations. I further explained

9   that a full inspection had been required by the Compliance Order but that the inspection

10   had not happened. I further explained that I had located a 1999 AHB resolution requiring

11   the Property Owner to correct violations that were the same or similar to the current

12   possible violations. Mr. Owens stated that the Property Owner had previously paid the

13   liens against the Subject Property, that the Property Owner had legal non-conforming

14   status and that the Property Owner had drafted a letter outlining her position.

15         22.    Also on August 15, 2007, Code Enforcement received a letter from the

16   Property Owner. In sum, the letter stated that the claims of possible violations were

17   unwarranted and that the complainant had made the complaint in retaliation for a back

18   rent/eviction dispute with the Property Owner. The letter also reasserted that the Subject

19   Property had legal non-conforming status and that all liens and fines had been paid. After

20   receiving the letter, I am informed and believe that Supervisor Nwokolo called Mr. Owens

21   and again instructed him that the Property Owner should contact the Planning Division to

22   apply for legal non-conforming status and that a search of City and County records had

23   uncovered no permits for the structures at issue. A true and correct copy of the Property

24   Owner's August 15, 2007 letter is attached hereto as **Exhibit F.**

25         23.    On August 20, 2007, I wrote a responsive letter to the Property Owner and

26   mailed it via certified mail. The letter reiterated that no permits had been found in City or

27   County records, that the Property Owner needed to apply for legal non-conforming status

28   with the Planning Division and that the Property Owner had still not conformed to AHB

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                   445233

1  resolution #99-85. My letter also formally requested that the Property Owner arrange an

2  inspection within 10 days of receipt of my letter. A true and correct copy of my August 20,

3  2007 letter is attached hereto as **Exhibit G**.

4      24.    On August 24, 2007, Code Enforcement received confirmation that the

5  Property Owner received the letter sent on August 20, 2007.

6      25.    On September 7, 2007, I made two attempts to call the Property Owner and

7  received no response to my phone calls. I then drafted and mailed a letter via certified

8  mail explaining that Code Enforcement would be requesting an inspection warrant

9  because of the Property Owner's refusal to allow inspection of the Subject Property. A

10 true and correct copy of my September 7, 2007 letter is attached hereto as **Exhibit H**.

11     26.    On September 24, 2007, Code Enforcement received confirmation that the

12 Property Owner had picked up the September 7, 2007 letter from the local post office.

13     27.    On October 1, 2007, Code Enforcement received a letter dated September

14 25, 2007 from the Property Owner indicating that Mr. Owens was authorized to represent

15 her interests in the matter. A true and correct copy of the Property Owner's September

16 25, 2007 letter is attached hereto as **Exhibit I**.

17     28.    On October 2, 2007, I drafted and mailed a letter to Mr. Owens notifying him

18 that, pursuant to the Property Owner's letter dated September 25, 2007, future

19 correspondence would be directed to both him and the Property Owner. I further notified

20 Mr. Owens that Code Enforcement was in the process of obtaining an inspection warrant

21 and that notification of the inspection date would be provided. A true and correct copy of

22 my October 2, 2007 letter is attached hereto as **Exhibit J**.

23     29.    Thereafter, given my observations of possible Municipal Code violations on

24 the Subject Property, the fact that the Property Owner has failed to correct the same or

25 similar violations as directed in 1999 by AHB resolution #99-85, and the Property Owner's

26 ongoing refusal to allow inspection of the Subject Property, I determined that it would be

27 necessary to request an inspection warrant from the Superior Court.

28

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                                          445233

1    30.    It is my belief that a complete inspection of the interior and exterior areas of
2    the Subject Property, including the front and rear yards and the complete interior and
3    exterior of the garage, main house and any accessory structures pursuant to an inspection
4    warrant will show that Municipal Code violations exist at the Subject Property.  These are
5    likely to include, but are likely not limited to, violations of Sections 17.20.920 (General
6    Obligation), 20.10.030 (Compliance Required), 24.02.100 (Permits Required) and
7    24.02.550 (Connection to Utilities).  I am particularly concerned about possible fire
8    hazards and other unsafe and unsanitary conditions associated with improper occupancy.

9    31.    An inspection warrant is necessary because the Property Owner has refused
10   to allow inspection of the additions and structures at the Subject Property where possible
11   Municipal Code violations exist.  I have made numerous unsuccessful attempts to
12   schedule inspections at the Subject Property and have repeatedly urged the Property
13   Owner to schedule an inspection with the Building Division, to no avail.  Throughout the
14   many months of communicating with the Property Owner and Mr. Owens, I have received
15   inadequate response.

16   32.    I respectfully request that this Court grant judicial authorization to enter the
17   Subject Property with an inspection team and two San Jose Police Officers to conduct an
18   inspection of the Subject Property for the purpose of determining whether conditions exist
19   in violation of the Municipal Code.  The inspection shall include all interior and exterior
20   areas of the Subject Property, including the front and rear yards and the complete interior
21   and exterior of the garage, main house and any accessory structures.

22   /////
23   /////
24   /////
25   /////
26   /////
27   /////
28   /////

- 8 -

DECLARATION OF JAMES YOUNG IN SUPPORT OF APPLICATION
FOR INSPECTION WARRANT                                                                   445233

1        33.    I declare under penalty of perjury pursuant to the laws of the State of

2    California that the foregoing is true and correct and that I could competently testify thereto

3    if called as a witness.  As to those matters alleged on information or belief, I am informed

4    and believe them to be true and correct.

5        Executed this 2nd day of November, 2007, in San Jose, California.

6

7

8    
    James Young

9        San Jose Code Enforcement Inspector
    #104E

10

11       Subscribed and sworn to before me this 2nd day of November, 2007.

12

13

14

15       JUDGE OF THE SUPERIOR COURT

16       THOMAS C. HASTINGS

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

**EXHIBIT B**

1 | RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
2 | RICHARD D. NORTH, Deputy City Attorney (#225617)
Office of the City Attorney
3 | 200 East Santa Clara Street
San José, California  95113-1905
4 | Telephone Number: (408) 535-1900
Facsimile Number:   (408) 998-3131
5 | E-Mail Address:  cao.main@sanjoseca.gov

6 | Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA

7

8 |                    SUPERIOR COURT OF CALIFORNIA

9 |                        COUNTY OF SANTA CLARA

10 |                          SAN JOSE DIVISION

11

12 | In the Matter of the Application of          NO. *CIS 0030*
THE CITY OF SAN JOSE for:
13 |                                             **INSPECTION WARRANT**
Inspection Warrant re: Premises at:
14 |                                             [CCP Sec. 1822.50 *et seq.*]
1752 Guadalupe Avenue
15 | San Jose, California 95125

16

17 |       TO THE PEOPLE OF THE STATE OF CALIFORNIA:

18 |       City of San Jose, Planning, Building, and Code Enforcement Department, Code

19 | Enforcement Inspector James Young, accompanied by any and all inspectors, City

20 | employees, contractors, and/or crew necessary to perform the ordered inspection, and

21 | any two Police Officers of the City of San Jose,

22 |       Proof by declaration having been made this day before me by James Young, Code

23 | Enforcement Inspector for the Planning, Building, and Code Enforcement Department,

24 | City of San Jose, and it appearing that good cause exists and that there is reason to

25 | believe that conditions exist in violation of the San Jose Municipal Code with respect to the

26 | property at 1752 Guadalupe  Avenue, San Jose, California (the "Subject Property"); and

27 | further, that under the circumstances shown an immediate inspection of such premises is

28 | reasonably necessary, to wit: that the property owner has failed to permit Code

INSPECTION WARRANT                                                    445243

1  Enforcement and the Building Department to have complete access to all buildings and

2  structures on the Subject Property and to take photographs.  Therefore, there has been no

3  consent to conduct an inspection for violations of San Jose Municipal Code Sections

4  17.20.920 (General Obligation), 20.10.030 (Compliance Required), 24.02.100 (Permits

5  Required) and 24.02.550 (Connection to Utilities), and other possible violations, and that

6  the findings of preliminary investigations of the Subject Property confirm the opinion of

7  Inspector James Young that conditions of nonconformity exist;

8        AND FURTHERMORE, it appearing that the property owner Carolyn H. Friis, as

9  Trustee of Guadalupe Acres Trust, was notified of the conditions of nonconformity and the

10  need to bring the property into compliance, and that she was served with a Compliance

11  Order by the City of San Jose to correct the violations, and such notices and Compliance

12  Order were ignored by her.  And that the property owner refused repeated requests for

13  inspections by the Code Enforcement Department and refused to schedule an inspection

14  with the Building Division.

15        YOU ARE THERFORE COMMANDED, to enter the Subject Property to inspect all

16  interior and exterior areas of the Subject Property, including the front and rear yards and

17  the complete interior and exterior of the garage, main house and any accessory structures

18  for the purpose of determining whether conditions exist in violation of the San Jose

19  Municipal Code as described above.

20        AND, FURTHERMORE PERMITTED, to use forcible entry at all reasonable times,

21  including in the property owner's absence.

22        This inspection warrant is effective from the date hereof for a period not to exceed

23  fourteen (14) days.  This warrant shall be returned to the Court affixed to the criminal

24  complaint should one be filed as a result of this inspection.

25

26

27  Dated: _Nov 2 2007_ _____ OF THE SUPERIOR COURT

28                                                THOMAS C. HASTINGS

1

## ENDORSEMENT FOR FORCIBLE ENTRY

Good cause appearing, you are hereby authorized to inspect the above-described premises by means of forcible entry.

Dated: _Nov 2 2007_



_____

JUDGE OF THE SUPERIOR COURT

THOMAS C. HASTINGS

THE FOREGOING INSTRUMENT IS
A CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
ATTEST: KIRI TORRE

NOV 0 2 2007

CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
IN AND FOR THE COUNTY OF SANTA CLARA
BY _____ DEPUTY



- 3 -

INSPECTION WARRANT                                                445243

**EXHIBIT C**

SAN JOSE POLICE DEPARTMENT  ☒ MISDEMEANOR          CITATION NO.
**NOTICE TO APPEAR**  ☐ Traffic    **No. J 3147256**
                      ☐ Nontraffic

| DATE OF VIOLATION | TIME | ☐ AM ☐ PM | DAY OF WEEK S M T ⓦ T F S | CASE NUMBER |

DATE OF VIOLATION 11 / 14 / 07   TIME 900   ☒ AM ☐ PM   DAY OF WEEK S M T Ⓦ T F S

NAME (FIRST, MIDDLE, LAST)                    ☐ OWNER'S RESPONSIBILITY (Veh. Code, § 40001)
CAROLYN HAZEL FRIIS

ADDRESS
P. O. BOX 1767

CITY                            STATE      ZIP CODE
LOWER LAKE                      CA         95457

DRIVER LIC. NO.        STATE   CLASS   AGE   BIRTHDATE   ☐ JUVENILE (Phone No.)
V8032426              CA       C       817   138         ( )

SEX   HAIR   EYES   HEIGHT   WEIGHT   RACE   OTHER DESCRIPTION
F     BLN    GRN    5'1      118

VEH. LIC. NO. OR VIN.                STATE        ☐ COMMERCIAL VEHICLE
                                                  (Veh. Code, § 15210(b))
YR. OF VEH.   MAKE   MODEL   BODY STYLE   COLOR   ☐ HAZARDOUS MATERIAL
                                                  (Veh. Code, § 353)
EVIDENCE OF FINANCIAL RESPONSIBILITY

REGISTERED OWNER OR LESSEE                        ☐ SAME AS DRIVER

ADDRESS                                           ☐ SAME AS DRIVER

CITY                            STATE      ZIP CODE

CORRECTABLE VIOLATION (Veh. Code, § 40610)   ☐ BOOKING REQUIRED    MISDEMEANOR OR
                                                                    INFRACTION (Circle)

| YES | NO | CODE AND SECTION | DESCRIPTION | |
|-----|-----|-----------------|-------------|---|
| ☒ | ☐ | 20.10.030(B) | COMPLIANCE REQUIRED | Ⓜ I |
| ☒ | ☐ | 17.20.900 M1 | IMPROPER OCCUPANCY | Ⓜ I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

SPEED APPROX.   P.F. MAX. SPD.   VEH. LMT.   SAFE   ☐ RADAR    BEAT
►                                                    ☐ LASER #          N

LOCATION OF VIOLATION(S)                              LANE NO.        W    E
AT 1752 GUADALUPE AVE SN JOSE
COMMENTS (WEATHER, ROAD, AND TRAFFIC CONDITIONS)     ☐ ACCIDENT   S
CA 95125

☒ VIOLATIONS NOT COMMITTED IN MY PRESENCE, DECLARED ON INFORMATION AND BELIEF.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

_____   021E   to _____
ARRESTING OR CITING OFFICER       BADGE NO.   DATES OFF

11 / 14 / 07 _____   _____   to _____
DATE   NAME OF ARRESTING OFFICER IF DIFFERENT FROM CITING OFFICER   BADGE NO.   DATES OFF

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED
BELOW.
X Signature _____

WHEN: DAY WEDS   DATE 1 23 08   TIME 900 ☒ AM ☐ PM

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.

WHERE: ☒ CRIMINAL SUPERIOR COURT   ☐ JUVENILE MISD.       ☐ TRAFFIC COURT
         190 W. Hedding St.          2610 N. First Street    935 Ruff Dr.
         San Jose, CA 95110          San Jose, CA 95134      San Jose, CA 95110
         (408) 808-6600              (408) 435-2275          (408) 808-3100
☐ TO BE NOTIFIED

PFN (FOR COURT USE ONLY)                    CEN (FOR COURT USE ONLY)

Notice to Appear form approved by the Judicial Council of California.
200-15 (Rev. 03/01/04) (Veh. Code §§ 40500(b), 40513(b), 40522, 40600; Pen. Code § 853.9

                    COURT COPY              SEE REVERSE
                                            TR-130



140218

# EXHIBIT D





CITY OF
# SAN JOSE
CAPITAL OF SILICON VALLEY

*Department of Planning, Building and Code Enforcement*

JOSEPH HORWEDEL, DIRECTOR

January 17, 2008

Carolyn H. Friis, Trustee
Guadalupe Acres Trust
1752 Guadalupe Avenue
San Jose, CA 95125-1227

Dear Ms. Friis:

**RE: 1752 GUADALUPE AVENUE**

It was a pleasure meeting with you yesterday, January 16, 2008. As a result of our meeting, I have agreed to dismiss criminal citation #J3147256 and, in return, you have agreed to complete the following items by no later than March 18, 2008:

1. Remove the two rear accessory structures (measuring 28' x 13' and 16' x 16') or reduce both accessory structures to 120' square feet or less.

2. Remove all bedding from the garage conversion and side addition and cease using the garage conversion and side addition as a sleeping area.

3. Allow re-inspection of the property, and all structures, on or by March 18, 2008.

Anticipating that the above items are corrected by that date, we will discuss a compliance schedule to address the remaining code violations including the rear addition to the garage, the conversion of the garage, the patio overhang and the sunroom. I have included a copy of the Building Inspector's report, for your reference.

I am looking forward to your cooperation in correcting these long-standing code violations. Should you have any questions or any new information regarding this case, please contact feel free to contact Code Enforcement Inspector James Young at (408) 277-8427.

Sincerely,

Michael Hannon, Code Enforcement Official
Planning, Building and Code Enforcement

MH:JY:sck

**EXHIBIT E**

CITY OF SAN JOSE                              February 8, 2008
170 WEST SAN CARLOS STREET
SAN JOSE, CA 95113                            Certified Mail 7004 0750 0000 3563 7779

attn: Mayor and City Council doing business under FEINs 946000419; 770250396 or 942944864

Dear Sirs/Madams

On November 14, 2007 nine armed actors; John and Jane Does 1 to 100 purporting to be employees of the public agency City of San Jose trespassed on posted private property at 1752 Guadalupe Ave, San Jose, California and conducted a Search as though they had a lawful Search Warrant. Without provocation they proceeded to harass, intimidate and threaten myself and other individuals who were present.

None of the trespassers displayed evidence that he/she had taken the Oath of Office required by Article XX, Section 3 of the Constitution of the State of California in light of Title 4 U.S.C. §101.

The armed impersonators did not display a Search Warrant based on probable cause supported by oath or affirmation as required by the 4th Amendment to the Constitution for the United States of America and by Article I Section 13 of the California Constitution.

Were not all of the actions of the impersonators clear violations of the sanctity of my home in willful premeditated violation of the guarantees of the protections of Article 4 of the Constitution for the United State and Article 1, Section 1 of the Constitution for the State of California?

In addition to banning acts of Terrorism does not California law prohibit cities and counties from enforcing city or county codes and ordinances upon property that is not **OWNED** by the city or county - even if the property is within city limits?

What is particularly disturbing is that it appears that it is the City of San Jose's long time policy to conduct terrorist like raids as described above without lawful probable cause for the purpose of harassing, intimidating and threatening good Californians for corporate city purposes. Honestly, now I know what it must feel like to raped, violated and abused.

Demand is hereby made that the City of San Jose produce the foundation documentation within Five (5) days from your receipt of this petition that establishes dispositively your corporation's claim of right superior to the Trust's claim and possession of the subject property

If you are unable or refuse to produce the evidentiary proof of your corporate agency's superior claim to the subject property within the allotted time frame won't sufficient proof be established for a claim of restitution for all damages, civil and criminal sustained under the terrorist like raid of November 14, 2007 described herein and establish that a breach of my personal close (trespass vi et armis) is called for as provided for under Article 1, Section 28 of the California Constitution?

If you decide not to rebut in like form this letter and the accompanying Affidavit (001chf Affidavit) within 5 days of receipt of this letter it will accepted as evidence that you agree with the content of these documents in a manner most favorable to me and my friends.

Sincerely

*Carolyn H. Friis*

Carolyn H. Friis
1752 Guadalupe Ave
San Jose, California

001chf City SJ Letter                        Page 1 of 1

California            )
                      )        AFFIDAVIT        Tracking # 001chf Affidavit
Santa Clara County    )

1.  Affiant affirms that she is over the age of 18 years, is competent to state to the matters in this affidavit, has first hand knowledge of the facts stated herein and affirms that to the best of her knowledge the statements made in this affidavit are true, correct, complete, and not meant to mislead.

2.  Affiant has **NO** knowledge of **NOR** has she been presented with any material fact or evidence that:

    a.  the City of San Jose is not a corporation doing business under several FEINs, including 946000419, 770250396 or 942944864 which makes it subject to the laws of commerce such as the Uniform Commercial Code, Fair Debt Collection Practices Act, etc.

    b.  corporate municipalities such as the City of San Jose do not have authority to exert acts of ownership and control over property that is not OWNED by them.

    c.  the corporate City of San Jose owns the property located at 1752 Guadalupe Dr, San Jose, California.

    d.  the raid and search of the property at 1752 Guadalupe Dr, San Jose (hereinafter "subject property") on November 14, 2007 was not done under mere color of law without support of an Affidavit of Probable Cause under oath or affirmation.

    e.  the Mayor, City Council and other Officers participating in the raid on the subject property on November 14, 2007 did not under color of law, statute, ordinance, regulation, and custom willfully and intentionally conspire to oppress, threaten, and intimidate Carolyn H Friis and her friends to the deprivation of their rights, privileges and immunities in the free exercise and enjoyment of her/their rights secured by the Constitution or laws of the United States and Constitution of the State of California in general and in particular Article I Section 1 of the Constitution of the State of California.

    f.  The City of San Jose and it's Officers are not individually and collectively, publicly and privately liable for compensation for damages to Carolyn H Friis, her friends and the subject property as the result of the raid on November 14, 2007 on the subject property.

    g.  the armed impersonators who raided the subject property on November 14, 2007 have taken the Oath of Office required by the Constitution of the State of California, Article XX, Section 3 of the Constitution of the State of California in light of Title 4 U.S.C. §101.

    h.  The Citation # J 3147256 purportedly issued on November 14, 2007 is not a counterfeited security which is null and void ab initio.

    i.  the proceeding against Carolyn H Friis is not a commercial proceeding governed by commercial law.

    j.  Carolyn H. Friis entered into any agreements with the City of San Jose or Michael Hannon nor does her signature appear on any document in which Carolyn H. Friis waived any of her rights as guaranteed by the Constitution for the United States or the Constitution or the State of California.

    k.  Carolyn H. Friis is the Trustee of the Guadalupe Acres Trust.

    l.  Carolyn H. Friis is not the Beneficiary of the Guadalupe Acres Trust.

    m.  the Supreme Court did not rule that municipalities cannot exert any acts of ownership and control over property that is not OWNED by them, see **Palazzolo v. Rhode Island** 533 US

606, 150 L.Ed. 2d 592 (2001) (no expiration date on the taking clause for city's illegal enforcement of its codes on the man's private property and restricting the man's business), affirming both **Lucas v. South Carolina Coastal Council**, 505 US 1003, 120 L. Ed. 2d 798 (1992) (butterfly activists and code enforcement cannot restrict development of the man's private swampland unless they lawfully acquire the land FIRST, surveying with binoculars constitutes a "takings"), and **Monterey v. Del Monte Dunes**, 526 US 687 (1999), 143 L.Ed. 2d 882, 119 S.Ct. _____ (1998)  (In the Monterey case, the California private property owner was awarded $8 million for code enforcement's illegal trespass and restriction of his business, and another $1.45 million for the aggravation of a forced sale).

    n.  all parties involved in a proceeding must not seek non-judicial, private administrative resolution before seeking judicial review.

    o.  Notice to Principal is not Notice to Agent and Notice to Agent is not Notice to Principal.

    p.  an affidavit sworn or affirmed true, correct, complete, certain and not misleading. does not stand as the truth in commerce and judgment of the law if not fully rebutted point for point by counter affidavit sworn or affirmed true, correct, complete, certain and not misleading.

    q.  failure of an entity to supply information which it can provide or construct does not support an inference that those materials if unearthed would contradict the position of the entity.

    r.   Agency silence to Affiant's Affidavits, Counterclaim/s, etc (hereinafter 'Claims') will not mean Agency acquiescence to Affiant's Affidavits\Claims in a manner most favorable to Affiant and the Account.

    s.  that a failure to deny the facts and evidence contained in this document is not classified as an admission to said facts and evidence.

    t.  in Commerce, Truth is not sovereign.

    u.  an un-rebutted Affidavit does not stand as Truth in Commerce.

    v.  no more than affidavit is necessary to make the prima facia case.

    w.  an Affidavit does not stand as truth in commerce and becomes the law of the proceeding unless rebutted point for point by Affidavit.

    x.  Silence is not equated to agreement and acceptance

    y.  Affiant is not empowered to make a claim upon the official bond/s or insurance of the City of San Jose and it's employees in the amount of $1,000,000 each.

Further Affiant sayeth not.

*Carolyn H. Friis*

Carolyn H. Friis

JURAT:  State of California, County of Santa Clara
ss: Subscribed and sworn to (or affirmed) Before me on this _____8_____ th day of February, 2008
by Carolyn H. Friis ~~personally known to me~~ or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary _____  seal:



HENRY W. LI
Commission # 1638687
Notary Public - California
Santa Clara County
My Comm. Expires Jan 17, 2010

001chf Affidavit                               Page 2 of 2



CITY OF
**SanJose**
CAPITAL OF SILICON VALLEY

*Department of Planning, Building and Code Enforcement*
JOSEPH HORWEDEL, DIRECTOR

January 17, 2008

Carolyn H. Friis, Trustee
Guadalupe Acres Trust
1752 Guadalupe Avenue
San José, CA 95125-1227

Dear Ms. Friis:

**RE: 1752 GUADALUPE AVENUE**

It was a pleasure meeting with you yesterday, January 16, 2008.  As a result of our meeting, I have agreed to dismiss criminal citation #J3 and, in return, you have agreed to complete the following items by no later than March 18, 2008:

1. Remove the two rear accessory structures (measuring 28' x 13' and 16' x 16') or reduce both accessory structures to 120' square feet or less.

2. Remove all bedding from the garage conversion and side addition and cease using the garage conversion and side addition as a sleeping area.

3. Allow re-inspection of the property, and all structures, on or by March 18, 2008.

Anticipating that the above items are corrected by that date, we will discuss a compliance schedule to address the remaining code violations including the rear addition to the garage, the conversion of the garage, the patio overhang and the sunroom.  I have included a copy of the Building Inspector's report, for your reference.

I am looking forward to your cooperation in correcting these long-standing code violations. Should you have any questions or any new information regarding this case, please contact feel free to contact Code Enforcement Inspector James Young at (408) 277-8427.

Sincerely,

Michael Hannon, Code Enforcement Official
Planning, Building and Code Enforcement

MH:JY:sck

170 West San Carlos Street, San José, CA 95113  *tel* (408) 277-4528  *fax* (408) 277-3290  www.sanjoseca.gov

*[Handwritten watermark overlaid: "I do not accept this offer  I do not consent to this proceeding"]*



**EXHIBIT F**

Inspector James Young
% City of San Jose
170 W. San Carlos St
San Jose, CA 95113

June 26, 2008

Certified Mail:

RECEIVED

JUL 1 2008

Dear Inspector James Young

On Wednesday, June 25, 2008 did you not harass me, invade my privacy and trespass on the property (hereinafter 'the Property') commonly known as 1752 Guadalupe Ave, San Jose, California despite the fact that the Property was clearly Posted with No Trespassing signs?

On Wednesday, June 25, 2008 did you not without my permission call me 3 times on the phone; 408-266-7713 with the intent to harass me and invade my privacy?

Do you have any evidence that your actions on Wednesday, June 25, 2008 were not harassment and invasion of my privacy in violation of the Judgment of March 5, 2008 (hereinafter 'the Judgment') and common business practices?

Do you have any evidence that the Judgment of March 5, 2008 is not a valid Judgment against the City of San Jose (hereinafter 'the City') and it's agents which prohibits acts of harassment and invasion of privacy and provides penalty for such actions?

Do you have any evidence that the City or yourself have a material interest in the Property?

Do you have any evidence that the Property is not private Property?

Do you have any evidence that the City of San Jose Municipal Codes are enforceable against private Property?

Do you have any evidence that your harassment and invasion of privacy on June 25, 2008 does not add at least $2,000,000 to the amount of the Judgment?

If you have evidence of any of the above, kindly promptly produce such documentation.

Due to your continuing harassment and violation of privacy rights hasn't at least $2,000,000 been added to the amount of the Judgment; ie, $10,000,000 Doesn't this mean that now Carolyn Friis is owed a total of $12,000,000 by yourself and the City?

Kindly provide me with the Name and Address of the Claim Office and amount of the City's and your Bond/s.

Please produce the requested documents within 72 hours of receipt of this letter.

Awaiting your prompt response.

Carolyn Friis
1752 Guadalupe Ave
San Jose, California

cc: San Jose Mayor & City Council
% San Jose City Hall
200 E Santa Clara St, San Jose, CA 95113

009chf sj Request for Documents