1

2

3                                                        **E-filed on:   6/16/09**

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   CAROLYN H. FRIIS,                    No. Misc-08-80027 RMW

13              Judgment Creditor,

14                                        ORDER DENYING SAN JOSE'S MOTION
     v.                                   TO VACATE AND GRANTING SAN JOSE'S
15                                        MOTION TO STRIKE
     CITY OF SAN JOSÉ,
16                                        **[Re Docket Nos. 3, 13]**
              Judgment Debtor.
17

18

19         The City of San Jose moves to vacate, strike and seal various filings lodged by Carolyn H.

20   Friis that purport to be judgments against the City.  Friis opposes the motion.[1]  The court has

21   reviewed the papers and considered the arguments of counsel.  For the following reasons, the court

22   grants the motion to strike the filings.

23                            **I.  BACKGROUND**

24         On March 6, 2008, Carolyn Friis filed with the court notices of a "foreign judgment" and an

25   "apostilled judgment" against the City of San Jose in the amount of $8,000,000 and permitting Friis

26

27   _____

28   [1]      On September 11, 2008, Friis filed a "petition to abate motion" which the court construes as
     an opposition to the City's motion.

     ORDER DENYING SAN JOSE'S MOTION TO VACATE AND GRANTING SAN JOSE'S MOTION TO STRIKE
     No. Misc-08-80027 RMW
     TSF

United States District Court
For the Northern District of California

to make additional claims of $1,000,000 against San Jose if "the City of San Jose or any Agents again approach, harass, or intimidate Ms Friis and her friends without a lawful Order supported by a sworn Affidavit." *See* Docket Nos. 1, 2.

The dispute between Friis and the City appears to arise from the City's routine attempts to enforce building code provisions and inspect Friis's property.  The City obtained an inspection warrant on November 2, 2007.  Young Decl. ¶ 2 & Ex. B.  The City searched Friis's property on November 14, 2007 and cited her.  *Id.* ¶ 3 & Ex. C.  The City has attempted to resolve these issues, but it appears that Friis has not complied with the citation or brought her property up to code.  *See id.* ¶¶ 4, 6.

Instead, Friis has notarized a "certificate of protest / judgment" that appears to be based on the City's failure to contest an affidavit that she sent to the City in which Friis disputed that the City possessed the authority to search her property.  The "judgment" states that "an affidavit sworn true, correct and complete stands as the truth in commerce and judgment of the law if not fully rebutted point for point by counter affidavit sworn or affirmed true, correct, complete certain, and not misleading."  *See* Docket No. 1 ¶ p.  The "judgment" reasons further that "in Commerce, Truth is sovereign," that "an un-rebutted Affidavit stands as Truth in Commerce," and that "no more than an affidavit is necessary to make the prima facie case."  Since "silence is equated to agreement and acceptance," the City's failure to respond to Friis's affidavit led the City to default in Friis's eyes. Therefore, Friis entered "judgment" against the City for millions of dollars.

## II.  ANALYSIS

A judgment entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered in any other district.  28 U.S.C. § 1963.  The court may not register judgments from any court that is not listed in section 1963.  *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 708-09 (E.D. Ky. 2006); *see Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 116 (6th Cir. 1994).  Accordingly, the federal courts lack the power to

register and enforce state court judgments, let alone the "judgments" of a fictional proceeding.[2]  *Id.*
Because the court lacks the jurisdiction to register Friis's "judgments," it has no basis for vacating
them under Rule 60(b).

Though there are no judgments to vacate, the court does grant the City's motion to strike
Friis's filings.  Friis opposes the City's motion by arguing that her "judgments" are now the law of
the case and cannot be stricken.  Friis is wrong.  The doctrine of law of the case exists to prevent
relitigation of issues already decided.  *See Quern v. Jordan*, 440 U.S. 332, 347 & fn.18 (1979).  It in
no way grants this court jurisdiction to register Friis's "judgments."  Friis also suggests that it is
inappropriate for the court to act as a "Data Integrity Board."  Putting aside Friis's hyperbole, it is
within the court's power to police its limited jurisdiction and maintain its records.

The City also requests that the court seal the "judgments" because of the harm that such
records can have on the City's credit rating, even where the "judgments" lack any legal basis.  The
court agrees that even baseless "judgments" can pose a risk of harm to the City's credit rating.  The
court disagrees that sealing the records is appropriate.  Instead, the court will order the clerk to
stamp "VOID BY COURT ORDER" prominently on each page of Friis's two filings.

### III.  ORDER

For the foregoing reasons, the court denies the City's motion to vacate and grants the motion
to strike.  Docket entries 1 and 2 are ordered stricken.  The court denies the City's motion to seal.
Instead, the clerk shall prominently stamp each page of docket entries 1 and 2 (Friis's notices of
judgment) "VOID BY COURT ORDER."  If necessary, the clerk is to remove any listing of Friis's
"judgments" from its index of registered judgments.  The clerk shall close the file.

DATED:        6/15/09

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

---

[2]      Friis may have been inspired by various tax protester websites.  For example, the
Sovereignty Education and Defense Ministry (www.sedm.org) provides sample literature describing
the "Notary Certificate of Dishonor Process" for resolving commercial disputes by unrebutted
affidavit.  The full document describing the process is available to paying members only.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **Notice of this document has been electronically sent to:**

2    **Counsel for San Jose:**

3    Colleen Dee Winchester        colleen.winchester@sanjoseca.gov

4
5    Counsel are responsible for distributing copies of this document to co-counsel that have not
     registered for e-filing under the court's CM/ECF program.

6
7    **Notice of this document has been mailed to:**

8    **Judgment Creditor:**

9    Carolyn H. Friiss
     1752 Guadalupe Avenue
10   San Jose, CA 95113

11
     **Dated:**    6/16/09                              TER
12                                              **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING SAN JOSE'S MOTION TO VACATE AND GRANTING SAN JOSE'S MOTION TO STRIKE
No. Misc-08-80027 RMW
TSF                                              4